IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY MICHAEL FAIRLEY, | : | Civil No. 1:25-CV-00700 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| C.O. FERRONTI, *et al.*, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a complaint filed by Jeffrey Michael Fairley ("Plaintiff"), an inmate currently housed at the State Correction Institution at Houtzdale, Pennsylvania ("SCI-Houtzdale"). (Doc. 1.) Plaintiff has also filed a motion to proceed in this action *in forma pauperis*. (Doc. 2.) The court will grant the motion to proceed *in forma pauperis*, screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismiss all claims against Defendant Gourley, and serve the complaint on the remaining defendants.

### Procedural Background and History

Plaintiff initiated this action by filing a complaint with the court in April of 2025. (Doc. 1.) The court received and docketed the complaint on April 21, 2025. (*Id.*) The complaint names five defendants: (1) Joseph Dolan ("Dolan"), Corrections Officer at SCI-Camp Hill; (2) Ferronti, Lieutenant Officer at SCI-Camp Hill; (3) Smith, Corrections Officer at SCI-Camp Hill; (4) Lowe,

1

Corrections Officer at SCI-Camp Hill; and (5) Michael Gourley ("Gourley"), Superintendent at SCI-Camp Hill.  (Doc. 1, pp. 2–3.)[1]  In the complaint, Plaintiff alleges that while he was housed at SCI-Camp Hill in March of 2023 he was forcefully extracted from his cell by Defendants Dolan, Ferronti, Smith, and Lowe without cause because he needed a wheelchair.  (*Id*., p. 4.)  He alleges multiple physical injuries resulting from force used during the cell extraction.  (*Id*.)  He alleges this cell extraction violated his Eighth Amendment rights.  (*Id*.)

On April 21, 2025, the court also received and docketed a motion to proceed *in forma pauperis*.  (Doc. 2.)  The court will now address the pending motion and screen the complaint.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States.  Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred at SCI-Camp Hill in Cumberland County, Pennsylvania, which is located within this district.  *See* 28 U.S.C. § 118(b).

---

[1] For ease of reference, the court uses the page numbers from the CM/ECF header.

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]"  The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party.  *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020).  The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551

U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

While Plaintiff names Gourley as a defendant in the complaint, he does not allege any action on the part of Gourley in the statement of facts. (Doc. 1.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is also well established that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable, and cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *See Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007). Here, by not alleging any action on the part of Defendant Gourley, Plaintiff has not established personal involvement as required under *Baraka*.

Any implied liability based on Defendant Gourley's supervisory position as Superintendent at SCI-Camp Hill will also not succeed based on the facts as alleged.  Supervisory liability under § 1983 utilizes the same standard as municipal liability.  *See Carter v. City of Philadelphia,* 181 F.3d 339, 356 (3d Cir. 1999).  A supervisor will only be liable for the acts of a subordinate if he fosters a policy or custom that amounts to deliberate indifference towards an individual's constitutional rights.  *See Id. at* 357.  To establish supervisory liability, a plaintiff must show that (1) a superior officer failed to employ a specific supervisory practice; (2) the existing custom created an unreasonable risk of injury in the absence of the specified supervisory practice; (3) the supervisor was aware that the risk existed; (4) the supervisor was indifferent to the risk; and (5) the underlying violation resulted from the failure to employ the supervisory practice.  *Brown v. Muhlenberg Twp.,* 269 F.3d 205, 216 (3d Cir. 2005) (*citing Sample v. Diecks,* 885 F.2d 1099, 1118 (3d Cir. 1989)).  The facts set forth by Plaintiff do not address any of the factors required to establish supervisory liability.  Therefore, all claims against Defendant Gourley will be dismissed without prejudice for lack of personal involvement.

## CONCLUSION

Accordingly, the court will grant Plaintiff's motion to proceed *in forma pauperis*, dismiss all claims against Defendant Gourley, and serve the complaint on the remaining defendants.

An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: July 7, 2025